# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.: 00-465-01 |
| RICARDO VILLAR | : | |

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of the government's unopposed motion for correction of sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, it is hereby

## ORDERED

that the motion is **GRANTED**. The Order entered on November 21, 2011, reducing the defendant's sentence to 210 months pursuant to 18 U.S.C. § 3582(c)(2), is vacated. It is further **ORDERED** that the defendant's term of imprisonment is reduced from 262 to 240 months. All other terms and conditions of the original sentence are to remain the same.

BY THE COURT:

_____
**HON. JAMES KNOLL GARDNER**
**United States District Court Judge**

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO.: 00-465-01 |
| RICARDO VILLAR | : |

## THE GOVERNMENT'S UNOPPOSED MOTION FOR CORRECTION OF SENTENCE PURSUANT TO RULE 35(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

**I.    INTRODUCTION**

On November 17, 2011, the Federal Defender Office submitted to the Court a proposed agreement for a sentence reduction under 18 U.S.C. § 3582(c)(2), based upon Amendment 750 to the Sentencing Guidelines, which lowered the base offense levels for cocaine base ("crack") offenses. The Defenders and the government agreed that the retroactive amendment applied to Ricardo Villar's case, and that he was eligible for a reduction under Section 3582(c)(2).

As noted in the letter, Villar's original guideline range was 324 to 405 months, based on an offense level of 41 and criminal history category of I. The Court imposed a sentence of 324 months. In 2008, pursuant to the 2008 retroactive amendment to the crack guidelines, Villar's adjusted offense level was reduced to 39 and his

guideline range was reduced to 262 to 325 months. The parties agreed that he was eligible for a reduction to 262 months. The Court granted this request.

As further noted in the letter, application of the new amendment reduces Villar's offense level to 37, and his guideline range to 210 to 262 months. The letter stated that the parties agreed that Villar's sentence could be reduced to 210 months. By order dated November 21, 2011, this Court reduced Villar's sentence to 210 months.

After the Court entered this order, the parties realized that the proposed agreement failed to account for the fact that Villar was subject to a mandatory minimum sentence of 240 months' imprisonment on Count Four of the indictment, which charged him with possession of more than 50 grams of crack. The government did not file a motion for a departure from the mandatory minimum sentence under 18 U.S.C. § 3553(e), nor was the defendant eligible for relief from the mandatory minimum pursuant to 18 U.S.C. § 3553(f) (the safety valve provision). Accordingly, Villar was subject to the mandatory minimum of 240 months, and his guideline range under the retroactive amendment was 240 months to 262 months rather than 210 to 262 months. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

## II. DISCUSSION

Rule 35(a) provides that a court may correct a sentence "[w]ithin 14 days after sentencing, . . . [if the] sentence . . . resulted from arithmetical, technical, or other clear error." The reduction in sentence below the applicable mandatory minimum sentence is clear error that may be corrected pursuant to Rule 35(a). The statutorily required sentence of 240 months is not affected by Amendment 750 and must be applied.

The Sentencing Commission has no authority to alter a statutory mandatory penalty. Its adoption of Amendment 750 only altered the offense levels for crack offenses, and applied the revision retroactively. It did not and cannot change the statutory mandatory minimum. In fact, more broadly, the Supreme Court has made clear that a court considering a motion under 18 U.S.C. § 3582(c)(2) to apply a retroactive guideline amendment may replace only the amended guideline in the sentencing calculus, and must leave all other determinations made at the original sentencing proceeding intact. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010).

The Sentencing Commission itself affirmed: "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an . . . amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment."). § 1B1.10 app. note 1(A) (Nov. 1, 2011).

Courts unanimously agree that in a proceeding for reduction of sentence under 18 U.S.C. § 3582(c)(2) a statutory mandatory minimum sentence remains controlling. United States v. Ganun, 547 F.3d 46 (1st Cir. 2008) (per curiam); United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009); United States v. Doe, 564 F.3d 305, 311-12 (3d Cir. 2009); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009); United States v. Carter, 595 F.3d 575 (5th Cir. 2010) (per curiam); United States v. McPherson, 629 F.3d 609, 611-12 (6th Cir. 2011); United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam); United States v. McFadden, 523 F.3d 839 (8th Cir. 2008) (per curiam); United States v. Paulk, 569 F.3d 1094 (9th Cir. 2009) (per curiam); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Jackson, 613 F.3d 1305 (11th Cir. 2010); United States v. Cook, 594 F.3d 883, 891 (D.C. Cir. 2010).

Pursuant to this authority, courts faced with the situation presented in this case agree that the mandatory minimum creates a floor for the extent of the sentencing reduction. For example, the court in United States v. Ferguson, 2008 WL 2338311 (N.D. Ind. 2008), addressed a situation in which the defendant previously received a 5K1.1 departure, and applying the equivalent departure to the newly reduced guideline range would result in a term below the statutory minimum. The court held that this is not allowed, as the government's original departure motion was limited to Section 5K1.1, and was not accompanied by a request under 18 U.S.C. § 3553(e) to permit a departure below the statutory minimum. Cf. United States v. Dobbins, 2008 WL 3897535 (E.D. Tenn.

2008) (where the sentencing range of 120-135 months was, after an amendment, a flat 120 months (i.e., the statutory mandatory minimum), the range had been lowered and a reduction to the mandatory minimum was permitted).

Here, the mandatory minimum sentence of 240 months set the floor of the amended guideline range, and Villar's sentence could not be reduced below this required mandatory minimum sentence. This error may be corrected pursuant to Rule 35(a) by vacating the November 21, 2011, order, and instead reducing the defendant's term of imprisonment to the mandatory minimum sentence of 240 months.[1]

The government notes that Rule 35(a)'s 14-day limitation is jurisdictional, such that a district court lacks authority to act under the Rule outside this period. See United States v. Washington, 549 F.3d 905, 915-16 (3d Cir.2008). Accordingly, the Court must take action on this motion within 14 days of November 21, 2011, or by

---

[1] The Federal Defenders agree that the defendant's sentence may not be reduced below the applicable mandatory minimum of 240 months.

December 4, 2011. Since December 4 falls on a Sunday, the parties respectfully request the Court to rule on this motion by Friday, December 2, 2011.

                                                                                                 Respectfully submitted,

                                                                                                 ZANE DAVID MEMEGER
United States Attorney

/s Bernadette McKeon
BERNADETTE McKEON
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Unopposed Motion for Correction of Sentence Pursuant to Rule 35(a) on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Kai Scott, Esquire
>Defender Association of Philadelphia
>Federal Court Division
>The Curtis Center Building
>601 Walnut Street - Suite 540 West
>Independence Square West
>Philadelphia, PA  19106

/s Bernadette McKeon
BERNADETTE McKEON
Assistant United States Attorney


Dated:   November 30, 2011.